## Commonwealth *v.* Tucker, Appellant.

*Criminal law—Election law—Ballots—Primary election—Numbering ballots.*

An officer at a primary election indicted for fraudulently counting and returning ballots, cannot set up as a defense his own neglect to cause the ballots to be numbered as required by the rules of the party, where it appears that every person who had any interest to object accepted the ballots as voted at the time, and that the ballots were taken into account by the proper authorities of the party in determining who were nominated for the various offices voted for at the primary election.

Argued Oct. 6, 1903. Appeal, No. 40, Oct. T., 1903, by defendant, from judgment of Q. S. Monroe Co., Sept. T.,

1902, No. 6, on verdict of guilty in case of Commonwealth v. L. M. Tucker.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Indictment for violation of election laws.   Before CRAIG, P. J. The facts are stated in the opinion of the Superior Court.

Defendant presented, among others, the following points :

1. None of the ballots having been numbered in accordance with the requirements of the rule of the democratic party of Monroe county, there were no legal ballots cast, and the defendant cannot be convicted of failing to count any or all of them.   *Answer :* That point is negatived. [1]   •

2. The defendant cannot be convicted of failing to count ballots which, if he had counted, he would have violated the rules of the democratic party of Monroe county and the oath which he had taken as judge of election.   *Answer :* That point is negatived. [2]

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*A. Mitchell Palmer*, for appellant.—Political parties are required to conduct their primary elections in accordance with the rules which they may have adopted for that purpose : Commonwealth v. Stucker, 18 Pa. C. C. Rep. 587 ; Allegheny City Elections, 12 Pa. C. C. Rep. 660 ; Melvin's Case, 68 Pa. 333 ; Penn District Election, 2 Pars. 526 ; Sandow's Nomination, 12 Pa. Dist. Rep. 351 ; Hughes's Election, 3 Lack. Jur. 313 ; State v. Connor, 86 Texas, 133 (23 S. W. Repr. 1103).

*Cicero Gearhart*, district attorney, for appellee.

OPINION BY HENDERSON, J., December 19, 1903 :

The defendant was convicted on the fifth and sixth accounts of an indictment found under the Act of June 29, 1881, P. L. 128, entitled " An act to regulate the holding of and to prevent frauds in the primary elections of the several political parties in the commonwealth of Pennsylvania."   The second section of the act provides that if any judge, inspector, clerk,

or other officer of a primary election when in the discharge of his duties as such shall wilfully disregard or violate the provisions of any rule duly made by the said party. . . . or, if he shall commit any wilful fraud in the discharge of his duty by false counting or by making false returns, he shall be deemed guilty of a misdemeanor.

The fifth count of the indictment charged that the defendant was guilty of wilful fraud in the discharge of his duties as judge of a primary election held in the township of Smithfield, county of Monroe, on August 23, 1902, by unlawfully, wilfully, knowingly and falsely counting the ballots cast at the election so that it was made to appear that one of the candidates for the offices of prothonotary and clerk of the courts voted for at the election received twelve votes, whereas at least ninety votes were cast for him at the election in that township.

The sixth count of the indictment charged that the defendant was guilty of wilful fraud in the discharge of his duties as judge of the primary election by unlawfully, wilfully, knowingly and fraudulently making a false return of the votes cast at the primary election for one of the candidates for the offices of prothonotary and clerk of the court, by which return it was made to appear that the candidate referred to only received twelve votes at the primary election in said township, when in fact he had received at least ninety votes.

The jury found the averments of these counts to be true and convicted the defendant.

1. It is now contended on behalf of the defendant that the judgment of the court below should be reversed for the reason that a rule of the democratic party of the county requires that each ballot cast by an elector at a primary election be numbered by the election officers; that the ballots cast at the primary election in Smithfield township were not so numbered, that therefore no lawful ballots were cast, and that the defendant was not guilty of a misdemeanor in not counting and returning the ballots not numbered:

2. That none of the ballots having been numbered no legal election was held.

The evidence offered at the trial of the case showed that 191 ballots were cast at the election in the township. These

were all returned by the election board except two, which were rejected because neither of them contained any marks to indicate the candidates for whom the elector voted. None of the ballots were thrown out because they were not numbered by the election officers. The appellant certified to the returns and delivered them to the chairman of the county committee. The result as shown by the return sheet was accepted by the county committee for all of the offices for which candidates were to be nominated except prothonotary and clerk of the courts, as to which offices a protest was filed against the return on the ground of fraud in the count and return. No objection was made against the computation of the votes in the township because the ballots were not numbered.

We are asked therefore to declare that the ballots against the validity of which no objection was made by any of the candidates voted for, nor by the properly constituted authorities of the party, and which as to candidates for other offices were counted, certified and returned by the appellant as one of the election officers, were invalid as to the offices of prothonotary and clerk of the courts because they were not numbered. We cannot agree with the appellant's counsel in his contention upon this proposition. The ballots were cast by persons entitled to participate in the election; they were delivered to the election board and deposited in the ballot box; the usual list of voters was kept; all of the ballots but two were recognized by the election board as having been regularly cast and were taken account of in the return signed by the election officers. The defendant is not now in a position to object to that which has been accepted by all other persons in interest as unobjectionable. Having treated the ballots as regular, he cannot now set up his omission to see that they were properly numbered at the time they were cast as an excuse, justification or defense against the charge of fraudulently counting and returning them.

Twelve votes for prothonotary and clerk of the courts were returned in favor of the candidate against whom the fraud is alleged to have been committed, as well as votes for the other candidates for those offices. It is very clear, therefore, that the subject of numbering the ballots is an after-thought, and that it did not enter into the mind of the appellant at the

time the votes were counted. We do not deem it necessary to determine the question whether the rule of the party requiring the numbering of the ballots is mandatory or directory only. For the purposes of this case, it is sufficient to say that every person who had any interest to object accepted the ballots as voted at the time, and they were taken into account by the proper authorities of the party in determining who were nominated for the various offices voted for at the primary election with the exception of the offices of prothonotary and clerk of the courts, and that the defendant will not be permitted to set up his own neglect as an officer of the election board to cause the ballots to be numbered as a defense against the charge of a fraudulent count and return of the ballots cast.

The instruction of the court to the jury in regard to the effect of the amendment of the constitution of Pennsylvania with reference to the numbering of the ballots on the rule of the democratic party in Monroe county did the defendant no harm. While we do not concur in the opinion of the learned trial judge as to the effect of the amended constitution on the rules of the democratic party of Monroe county, we have no doubt as to the legality of the conviction of the defendant for the reasons herein indicated.

All of the assignments of error are overruled, the judgment of the court below is affirmed and the record remitted to the end that the sentence may be carried into effect.